## Luman Jennison and others v. John Haire and another.

*Evidence: Objections: Practice.* Where incompetent evidence has been rejected upon an objection that it was immaterial and irrelevant, the judgment will not be reversed on this ground unless it appears that the ruling worked legal prejudice to the party offering the evidence.

*Heard January 28.    Decided April 21.*

Error to Ottawa Circuit.

*Hughes, O'Brien & Smiley* and *Champlin, Butterfield & Fitzgerald,* for plaintiffs in error.

*James A. Rogers* and *Eggleston & Kleinhans,* for defendants in error.

GRAVES, CH. J.

This cause was argued with the case of Hiram Jennison and others against the same defendants, which has just been decided, and is substantially disposed of by the determination in that suit.    There is a slight difference in the records, but the only one which will justify any notice concerns the attempt to elicit evidence from Mr. Cole.    According to the record in this cause the offer to prove by him

that the lumber company owned the land was refused on the objection that it was immaterial and irrelevant. Had the objection been that the proposed inquiry contemplated incompetent evidence, there would have been no room for question.

The objection actually taken was not strictly appropriate, unless we hold that the offered proof was inapplicable upon a correct construction of the statute; and that point was not so fully argued as I should wish it to be before deciding it. I am therefore disposed to consider the point raised by the assignment of error in the same way as though it were settled that the ground of objection stated was positively inappropriate. It is in general requisite to hold a party to the apparent sense of the specific objection taken, and exclude him from the benefit of any thing different; but the rule is not universal. Here the question proposed was rightly subject to be excluded, and having been excluded, the point is, whether the parties who made the offer can maintain error, because the ground of exclusion is to be deemed as not technically accurate. If the question had arisen in an *ex parte* proceeding it would have been admissible for the court to have shut out the evidence without any objection whatever. Is the case so changed by the circumstance that the ruling was made after an inappropriate objection, as to resolve the exclusion into a ground of error? There is nothing in the record to indicate that the plaintiffs in error were misled; nothing implying that suitable evidence of the suggested fact was accessible. The contrary is rather to be inferred from the tender of objectionable proof, and the failure to propose or hint any other. If regular proof was at hand, it was the duty of the plaintiffs in error to offer it, and not keep it back, and without reason or explanation entangle the case in unnecessary questions. If they could neither produce other proof, nor afford explanations to authorize that which was excluded, the rejection worked them no legal prejudice. If

a new trial should be ordered simply because the proof was rejected on a wrong ground, the defendants in error would only have to place their objection on the true ground on the new trial, to insure precisely the same result, and hence the new trial would come to be fruitless.

On the whole, I think we are justified in holding that the plaintiffs in error do not show themselves entitled to complain of the rejection of their improper offer, though it be admitted that the ground of exclusion was not accurate.—*Silsby v. Foote, 14 How., 218 ; Bean v. Hubbard, 4 Cush., 85 ; Cooper v. Barber, 24 Wend., 105 ; Lessee of Ludlow's Heirs v. Park, 4 Ham., 1 ; McClintock v. Inskip, 13 Ohio, 21.*

The judgment should be affirmed, with costs.

COOLEY and CAMPBELL, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.